

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 10, 1963

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-134

Re: Authority to execute a
lease for a term beyond
current appropriations.

Dear Mr. Calvert:

Your request for an opinion reads in part as follows:

"H.B. 1086, 58th Legislature reads as follows:

"'Section 1.  The Department of Public Safety, the Liquor Control Board, the Parks and Wildlife Commission and the Comptroller of Public Accounts are hereby authorized to enter jointly into a contract of lease of land and a building thereon located or to be located in El Paso County, to be used by said agencies for regional or district offices.  The terms of the contract shall be agreed to by said agencies as one party to the contract, with each agency agreeing to pay a share of the rent or other consideration.  Said agencies are authorized to execute a contract of lease for a term of twenty (20) years with an option to purchase at the end of the term for a consideration of Ten Dollars ($10); or said agencies may execute a contract of lease for any term of years less twenty (20).

"  . . .

"I will thank you to advise me if the departments named in the above act have the authority to execute a contract for a term which exceeds the current appropriations."

Section 49 of Article III of the Constitution of Texas provides:

"No debt shall be created by or on behalf of the State, except . . ." (Exception not applicable).

Section 6 of Article VIII of the Constitution of Texas prohibits any appropriation of money for a term longer than two years.

The leading cases pertinent to your inquiry are Charles Scribner's Sons v.Marrs, 114 Tex. 11, 262 S.W. 722 (1924); Fort Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S.W. 2d 660 (1935). In Charles Scribner's Sons v.Marrs, supra, the Court was considering the validity of a contract for the purchase of certain books for a period of five years. The obligation of the contract was not to buy a fixed number or amount of books but only so many as needed by the schools of the State. The Court held, therefore, that since the contract did not make a charge on the future revenues of the State, no debt was created nor was Section 6 of Article VIII of the Constitution of Texas violated.

The case of Fort Worth Cavalry Club, supra, involved a lease contract for a period of five years. The Court held that the contract was void since the adjutant general had the implied power to make a contract only within the amounts of the appropriation and the period of the appropriation.

It was held in Attorney General's Opinion O-6246 (1944) that the Board of Regents of the University of Texas was authorized to enter into a five year contract for fire insurance and to pay all of the premium from current appropriation, stating:

"The limitation that no appropriation of money shall be made for a term longer than two years does not imply a limitation on the power to make a contract for a greater time, where the contract does not require an appropriation beyond the two year period (38 Texas Jurisprudence, p. 845). With reference to the insurance contract on the University Law Building, it is clear that no liability is created against the State beyond the two year appropriation.

" . . .

> "The Legislature has, time and time again, appropriated funds for buildings, improvements and supplies of all kinds, which lasted as investments of the State far beyond the term of that particular two-year appropriation. Appropriations have never been limited to those items where the benefits created by the appropriation would be exhausted by the end of the term of the two-year appropriation period. From an analysis of the cases herein cited, it appears that the two-year limitation upon the power to contract has reference to the <u>term of the obligation</u> created against the State by such contract, rather than to the period of time for which the benefits of the contract may extend in favor of the State."

In Attorney General's Opinion V-1067 (1950), it was held that payment of rental on business machines did not violate Section 49 of Article III of the Constitution of Texas since such rental was to be paid out of current appropriations.

In view of the foregoing, you are advised that while House Bill 1086, Acts of the 58th Legislature, Chapter 422, page 1015, codified as Article 978j, note, Vernon's Civil Statutes, authorizes the Department of Public Safety, the Liquor Control Board, the Parks and Wildlife Commission and the Comptroller of Public Accounts to enter jointly into a contract for a term of twenty years, such contract must be payable out of current appropriations; otherwise such a contract would constitute the creation of a debt in violation of the provisions of Section 49 of Article III of the Constitution of Texas.

Therefore, if the proposed contract is payable out of future revenues of the State rather than current appropriations, the same is invalid. In the event there are sufficient monies appropriated by the Legislature for the payment of the entire lease term contemplated by the contract, a contract leasing land by these agencies for a longer term than two years would be valid, if paid out of current revenues.

## SUMMARY

Section 49 of Article III of the Constitution of Texas prohibits the creation of a

debt by the State and any lease contract not payable out of current appropriations would be void.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

R. E. Richards
Nicholas A. Irsfeld
Bill Allen
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone